UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA WHITEHEAD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:08CV0421 AGF |
| | ) |
| BAXTER HEALTHCARE | ) |
| CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Baxter Healthcare Corporation ("Baxter") to dismiss Count IV and portions of Count VI of Plaintiff's Fourth Amended Complaint. For the reasons set forth below, this motion shall be denied.

Plaintiffs in this toxic-tort case are the estate of decedent Jackie Whitehead, Mr. Whitehead's surviving wife,[1] and his three surviving adult children. Defendants are five chemical companies, including Baxter, who allegedly manufactured and/or sold benzene-containing compounds to which Mr. Whitehead was exposed over many years at his workplace, causing him personal injury, resulting in his death. The action was commenced by decedent and his wife while decedent was still alive. Following his death on June 6, 2008, Plaintiffs filed the Fourth Amended Complaint which contains six

---

[1] The Court accepts as an established fact in this action that Plaintiff Linda Whitehead was married to Jackie Whitehead at all relevant times.

counts: "Strict Liability/Product Defect" (Count I); "Negligent Failure to Warn" (Count II); "Strict Liability/Failure to Warn" (Count II); "Gross Negligence" in marketing the products in question (Count IV); "Punitive Damages" (Count V); and "Plaintiff's Damages." A separate paragraph of Count I asserts that the decedent's surviving wife suffered loss of consortium damages. Counts I through V state that "Plaintiffs" seek judgment against Defendants in an amount in excess of $25,000. Count VI lists damages all Plaintiffs are seeking under Missouri's Wrongful Death Statute, Mo. Rev. Stat. § 537.080, including damages for loss of consortium and loss of companionship. (Count VI).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Baxter argues that Count IV should be dismissed because Missouri does not recognize gross negligence as an independent cause of action, separate from a negligence claim. In Count IV, however, Plaintiffs seek damages related to negligent marketing, and they have not pleaded negligence with respect to the marketing of the products in question in another count. The Court perceives no reason to strike this count merely because Plaintiffs labeled it "Gross Negligence."

With respect to Count VI, Baxter argues that the part of that count that seeks damages for loss of consortium for the deceased's children should be dismissed because

Missouri law only recognizes the entitlement to such damages by a deceased's spouse, and that the deceased's wife's claim for loss of consortium must be pled with specificity as a separate claim setting forth the elements thereof.  In response, Plaintiffs assert that the damages they seek in Count VI are provided for under Missouri's Wrongful Death Statute, Mo. Rev. Stat. § 537.080, and need not be pled as a separate claim.  In its reply, Baxter concedes this point, but argues that to the extent that the decedent's surviving wife is pursuing a common law claim for loss of consortium, such a claim fails because not pled in a separate count.

The Court concludes that in Count VI, Plaintiffs have properly pled the damages they are seeking under Missouri's Wrongful Death Statute, Mo. Rev. Stat. § 537.080. Although this count does not specify that the decedent's surviving wife seeks the loss of consortium damages noted in Count VI, whereas the surviving children seek the loss of companionship damages noted, this does not warrant striking any part of Count VI.  What Baxter really seeks is an order from the Court that the loss of consortium and/or loss of companionship damages that Plaintiffs can recover in this action are limited to such damages under the Missouri Wrongful Death Statute.  Such a ruling would be inappropriate in the context of the motion now before the Court to dismiss Count IV and portions of Count VI.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Baxter Healthcare

Corporation to dismiss Count IV and portions of Count VI of Plaintiff's Fourth Amended Complaint is **DENIED**. [Doc. #150]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of August, 2009.