UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA WHITEHEAD, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:08CV0421 AGF |
| ) | |
| BAXTER HEALTHCARE ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the joint motion of Defendants Ashland, Inc., and Univar USA, Inc., to strike two affidavits from November 2006, one by Richard Fry and one by Kenneth Hasekemp, and to preclude the witnesses from testifying at deposition or at trial. The moving Defendants argue that the affidavits should be stricken because the affiants were not identified in Plaintiffs' initial Federal Rule of Civil Procedure 26(a) disclosures in January 2009, and because the affidavits in question were not provided to Defendants until June 2009, after the June 5, 2007 discovery deposition and the September 25, 2007 deposition for use at trial of Jackie Whitehead, and his subsequent death on June 6, 2008.

Mr. Whitehead was one of the original Plaintiffs in this lawsuit which seeks damages for his illness allegedly due to his occupational exposure to benzene-containing products. Mr. Fry and Mr. Hasekemp were co-workers of Mr. Whitehead. They attest

that they, like Mr. Whitehead, were exposed to benzene-containing products for many years at their jobs. Mr. Fry specifically identifies "Stoddard Solvent" as one of these chemicals.

After a prolonged procedural history, trial has been set in this case for January 10, 2011. As Plaintiffs correctly note, discovery is still being conducted and the case has yet to be referred to alternative dispute resolution. Plaintiffs further assert that, contrary to Defendants' assertions, these affidavits are not "critical" to Plaintiffs' case, as Plaintiffs are not certain whether the deposition or trial testimony of these witnesses will be necessary.

For these reasons, the Court will deny Defendants' motion, at this time, without prejudice to refiling by Defendants following discovery or in conjunction with any case dispositive motions or the trial. In so doing, however, the Court notes that Defendants have raised serious concerns in support of their motion. Summarizing briefly the relevant procedural history of this case, in the first Case Management Order ("CMO"), entered when the claims of the Whiteheads were still joined with those of two other plaintiffs (Donald and Lori Stahl), Plaintiffs were ordered by the Court to provide more specificity in their complaint regarding the chemicals or substances to which Mr. Whitehead was allegedly exposed, after which Rule 26(a) disclosures and discovery between the parties was to take place. Plaintiffs initially requested and received additional time to comply with the deadlines in the CMO, based upon their assertion that they needed additional discovery from third-parties, including The Boeing Company, before they could comply

with the pleading requirements.

Thereafter, both Plaintiffs and Defendants, at different times, requested and were granted continued extensions of the deadlines in the CMO – which included the disclosures under Rule 26(a) -- pending the Plaintiffs' receipt of information from third-parties and Plaintiffs' filing of a complaint that complied with the Court's Order. Matters were further complicated and delayed by the fact that the United States asserted a possible State Secrets privilege with regard to the documents the Plaintiffs were seeking from The Boeing Company. Much later, it was determined that the United States was only asserting a privilege with respect to documents requested from the Stahl Plaintiffs and not from the Whitehead Plaintiffs. For this and other reasons, the claims of the Whitehead and Stahl Plaintiffs were severed for separate pretrial proceedings and for trial.

In the midst of these repeated delays, and while all deadlines were stayed, the Whitehead Plaintiffs requested leave to take the deposition of Mr. Whitehead, due to his deteriorating health. The Court first permitted Defendants to take a discovery deposition, and thereafter permitted Plaintiffs to take Mr. Whitehead's deposition for possible use at trial. Between the date of the discovery deposition and the second deposition, certain Defendants attempted to obtain further information and disclosures from the Whitehead Plaintiffs regarding Mr. Whitehead's contentions with regard to his alleged exposure to chemicals. While Plaintiffs agreed to turn over the documents received from The Boeing Company prior to the second deposition, Plaintiffs refused any further information, on

3

grounds including the attorney client and work product privileges. As such, Mr. Whitehead's two depositions proceeded in 2007 without any disclosure by Plaintiffs of the identities of Mr. Fry and Mr. Hasekemp as individuals who had information pertinent to Plaintiffs' claims.

On July 24, 2008, shortly after Mr. Whitehead's death, the Court entered yet another Amended CMO, giving Plaintiffs additional time to file an amended complaint that complied with the Court's requirements, and stating "[t]o the extent not already made, the parties shall make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than January 30, 2009."

While formal compliance with the requirements of Rule 26(a) was stayed until January 30, 2009, which was after Mr. Whitehead's death, the Court has serious concerns regarding Plaintiffs' failure to disclose the identity of the two affiants prior to June 2009, given that (i) Plaintiffs' failure to file a complaint with sufficient specificity was in large part the cause of the deadlines being stayed; (ii) Mr. Whitehead's depositions were being taken at Plaintiffs' request, based on extraordinary circumstances and outside the order of events established by the Court's numerous scheduling orders; (iii) Plaintiffs had had the affidavits in their possession since 2006; and (iv) certain of the Defendants were requesting the voluntary disclosure of information from Plaintiffs so that the Defendants could prepare, to some degree, for Mr. Whitehead's depositions.

In their opposition to Defendants' current motion, Plaintiffs assert that the affidavits themselves are protected by the work product privilege. While disclosure of

4

the affidavits themselves may be privileged, if Plaintiffs may use their testimony to support their claims, neither the identity of the witnesses nor the subject matter of their information is privileged. Rule 26(a)(1) requires the disclosure of the identity of persons "likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims." Notwithstanding this requirement, in their Rule 26(a) disclosures made on or about January 30, 2009, Plaintiffs still did not disclose the names of either of these affiants. In their opposition brief, Plaintiffs do not offer any explanation, whatsoever, for their failure to disclose the identity of these individuals in their Rule 26(a) disclosures.[1]

Based on this Court's review of the file, a strong argument can be made that Plaintiffs violated the spirit of the Federal Rules of Civil Procedure. But because formal compliance with Rule 26(a) was stayed until after Mr. Whitehead's depositions and his death, and because Plaintiffs have asserted that they may not use the deposition or trial testimony of these witnesses, the Court will deny Defendants' motion to strike without prejudice. The parties may take the deposition of these witnesses, if they so desire. However, should Plaintiffs seek to use the testimony of these two witnesses in connection with any pretrial proceedings or at trial, Defendants may re-file their motion to strike, and

---

[1] In their opposition brief, Plaintiffs recite several complaints regarding Defendants' responses to Plaintiffs' own discovery requests. Of course, any such matters are not currently before the Court. Given the protracted pretrial proceedings in this case, however, the Court cautions the parties that it expects all parties and their counsel to conduct discovery in this case in good faith and in a professional manner, and that unjustified gamesmanship will not be tolerated.

the Court will further address the matter, including any evidence of prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Strike of Defendants Ashland, Inc., and Univar USA, Inc., is **DENIED without prejudice to refiling**. [Doc. #166]

                                            _____
                                            AUDREY G. FLEISSIG
                                            UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of October, 2009.