UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA WHITEHEAD, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:08CV0421 AGF |
| ) | |
| BAXTER HEALTHCARE ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendant Ashland, Inc., for a protective order related to the March 15, 2010 Rule 30(b)(6) deposition of William Whitlock, identified by Plaintiffs as Ashland's manager of technical services.

Plaintiffs initially identified five areas of testimony it wished to pursue with Mr. Whitlock:

(1) Ashland's sale or shipment to McDonnell Douglas Corp. (Plaintiff's former employer, now The Boeing Company) of "Toulene, Stoddard solvent (a/k/a White spirit, Mineral spirits, and/or Petroleum distillate), Polyurethane resin and Tectyl," hereinafter referred to as "Products," during the years 1964 through 1994;

(2) Ashland's transactional history concerning the above;

(3) the identity of manufacturers and other entities in the chain of distribution concerning the above;

(4) Ashland's documents, e.g., sales receipts and invoices, concerning the above;

(5) Ashland's current and past document retention policy.

Plaintiffs then expanded the areas of testimony it intended to pursue with Mr. Whitlock to 14, including the chemical makeup of the Products, communications between Ashland and its suppliers of "mineral spirits" concerning the benzene content of mineral spirits delivered to Ashland; analytic testing methods and laboratory records of analytic results; and studies conducted by Ashland to determine benzene content in its solvents, regardless of whether those products were ever sold to McDonnell Douglas. Topic 14 is identified as "Any other related subject matter."

Ashland agrees to produce Mr. Whitlock to testify about any product for which there is some evidence of sales by Ashland to McDonnell Douglas/Boeing during the relevant time frame. Ashland lists these products as: Toluene; the Polyurethene resins, "Shell Epon Resin 826, Hetron 92, and Plio Resin 6600"; and Tectyl. Ashland asserts that there is no evidence from Boeing sales summaries or any other source that McDonnell Douglas or Boeing ever purchased any mineral spirits/Stoddard Solvent from Ashland. Accordingly, Ashland argues that all inquiry by Plaintiffs about mineral spirits/Stoddard Solvent should be precluded.

In opposition to the motion for a protective order Plaintiffs assert that evidence of sales of mineral spirits/Stoddard Solvent by Ashland to McDonnell Douglas exists in the form of a document produced by GKN Aerospace, Inc., a non-party which purchased several buildings from Boeing in 2001, "relevant to" mineral spirits/Stoddard Solvent

from Ashland. The document referenced is an electronic index of products, and the products' manufacturers, provided to GKN by Boeing when GKN purchased the buildings. Plaintiffs also assert that two of Jackie Whitehead's co-workers identified Stoddard Solvent "as a product at issue in this case."

In reply, Ashland refutes the assertion that the GKN document in question shows that Ashland supplied McDonnell Douglas with mineral spirits/Stoddard Solvent during the relevant time frame.

The scope of discovery is governed by Rule 26, which allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed. R. Civ. P. 26(b)(1). The term "relevant" in this definition is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." Oppenheimer Fund v. Sanders, 437 U.S. 340, 351 (1978). Rule 26(c) allows the court, upon a showing of good cause, to enter an order protecting a party or person "from annoyance, embarrassment, oppression, or undue burden or expense."

Upon review of the record, the Court agrees substantially with Ashland's position. GKN's records keeper attested by affidavit that Boeing provided little information about the products list, and specifically, that GKN did not know purchase dates or quantities, in which building(s) the products on the list were used, or even if the products were purchased and utilized. (Doc. #216 at 8-9.) The Court also does not believe that Plaintiffs' reference to the two coworkers supports broad-based inquiry by

3

Plaintiffs of Mr. Whitlock regarding mineral spirits/Stoddard Solvent.

In light of the breadth of the discovery requested, the lengthy and remote time frame, and the paucity of evidence of sales of mineral spirits/Stoddard Solvent to McDonnell Douglas during the relevant time frame, it would be unduly burdensome to require Ashland to provide testimony, documents, testing results, and other documents regarding such products.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Ashland, Inc. for a protective order is **GRANTED**. [Doc. #209] Plaintiffs shall be permitted to confirm through the deponent whether Ashland has any record of supplying any of the products at issue, including mineral spirits and Stoddard Solvent, to McDonnell Douglas on or around the relevant time period. Unless the deponent has evidence that Ashland supplied such chemicals to McDonnell Douglas, the deposition of William Whitlock shall otherwise be limited to information about the products identified by Ashland in its motion for a protective order, i.e., Toluene, Polyurethane resins -- specifically Shell Epon Resin 826, Hetron 92 and Pliogrip Resin 6600 -- and Tectyl. [Doc. #209]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of March, 2010.